UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL THATCHER,

        Plaintiff,

  v.

Case No. 19-cv-965-pp

ANDREW M. SAUL,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's affidavit states that he is not married, not employed, and he has no dependents he is responsible for supporting. Dkt. No. 2 at 1. The plaintiff lists no income and no expenses; he does not own a car, a home, or any other property of value; and he has approximately $35 in cash on hand or in a checking/savings account. Id. at 2-

4. According to the plaintiff, he "live[s] with [his] mom + dad" and they "pay for all items + medical," id. at 2, and he "own[s] nothing → [no] charge cards or debts," id. at 4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint alleges that the plaintiff is disabled and was denied benefits and (1) the Administrative Law Judge did not apply the Commissioner's standards to decision denying benefits to the plaintiff; (2) the ALJ held the plaintiff to a higher standard than called for by the regulations when evaluating the plaintiff's statements about the limiting effects of his impairments; (3) the ALJ played doctor by relying on his own lay medical assessment of psychological and educational finding to reject opinions of a treating psychiatrist; (4) the ALJ's hypothetical questions to the vocational witness and the RFC findings were arbitrarily made, the RFC findings are not supported by substantial evidence, and the ALJ violated the function-by-

2

function assessment requirements of SSR 96-8p; (5) the ALJ failed to inform the vocational witness of moderate limitations in concentration, persistence and pace; and (6) the ALJ and the vocational witness were wrong when they stated that the vocational witness' testimony did not conflict with the Dictionary of Occupational Titles. Dkt. No. 1 at 1-5. The plaintiff states that the ALJ's decision was not supported by substantial evidence, contains harmful errors of law and fact, that the ALJ abused his discretion, and that his failure to follow the Commissioner's own rulings is reversible legal error. <u>Id.</u> at 5. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 9th day of July, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**
